UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL OWCZARZAK #376119,

    Plaintiff,                      Hon. Paul L. Maloney

v.                                      Case No. 1:19-cv-421-PLM-PJG

ERIC CANTRELL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    For the reasons articulated herein, the undersigned recommends that this action be dismissed, pursuant to 28 U.S.C. § 636(b)(1)(B), for Plaintiff's failure to prosecute and failure to comply with the Court's orders.

    Plaintiff initiated this action on May 31, 2019, alleging that Defendants violated his due process rights. On that same date, Plaintiff applied to proceed without prepayment of fees. (ECF No. 2). The Court subsequently ordered Plaintiff to amend his application, but the Court's Order was returned as undeliverable. (ECF No. 3-4). On June 26, 2019, the Court ordered Plaintiff to show cause why his complaint should not be dismissed for failure to prosecute and failure to provide the Court with his current address. (ECF No. 5). Plaintiff was expressly warned that failure to comply "may result in a dismissal of this case for want of prosecution." Plaintiff failed to respond to

the Court's Order. In fact, the Court's Order was again returned to the Court as undeliverable.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b); *see also*, W.D. MICH. LCIVR 41.1 ("[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution").

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the undersigned to recommend that Plaintiff's claims be dismissed with prejudice. Plaintiff's failure to provide the Court with a current address as well as his failure to comply with the Court's orders is willful and

manifests bad faith. Plaintiff's conduct unfairly prejudices Defendants' ability to defend against Plaintiff's claims. Plaintiff was expressly warned that failure to comply with the Court's orders may result in dismissal of his claims. Finally, the undersigned finds that under the circumstances a lesser sanction is insufficient.

## Recommended Disposition

For the reasons articulated herein, the undersigned recommends that this action be dismissed with prejudice for Plaintiff's failure to prosecute and failure to comply with the Court's orders.


Dated: August 7, 2019              /s/   Phillip J. Green
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge


## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).